UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REQUEST FROM THE FIRST INSTANCE NATIONAL CIVIL COURT NO. 94 IN BUENOS AIRES, ARGENTINA FOR DOCUMENTS FROM APPLE, INC.<br><br>Re Ana Carolina Hosne v. Starbucks Coffee Argentina, Ref No. 189-33-20-28 | Case No. 20-mc-80042-VKD<br><br>**ORDER GRANTING APPLICATION FOR SERVICE OF SUBPOENA PURSUANT TO 28 U.S.C. § 1782** |

The United States, on behalf of the First Instance National Civil Court No. 94 in Buenos Aires, Argentina ("the Argentine Court"), has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena on Apple Inc. ("Apple") for documents relating to the purchase of a MacBook computer in 2012. Dkt. No. 2 at 1; Dkt. No. 3, Ex. 3.

The Court grants the application subject to the requirements set forth below.

## I.   BACKGROUND

According to the application, the Argentine Court requests the United States' assistance in obtaining documents in a civil case captioned *Ana Carolina Hosne v. Starbucks Coffee Argentina SRL*, Ref. No. 1506/2019. Dkt. No. 3, Ex. 1. The United States asks the Court to appoint Assistant United States Attorney Michael T. Pyle as Commissioner to serve a subpoena for the evidence sought by the Argentine Court and to collect evidence in response to the subpoena. Dkt. No. 1; Dkt. No. 2 at 9.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-

47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Id.* at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*

2

*of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III.   DISCUSSION

### A.   Statutory Requirements

The United States' application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Apple, which has its principal place of business in this district. Second, the United States requests this discovery for use in a civil action pending before a court in Argentina.[1] Third, the United States makes the application on behalf of the Argentine Court, the foreign tribunal before which the civil action is pending.

### B.   *Intel* Factors

Even if the Court has the authority to grant the application, the Court is not required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1.   Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

---

[1] There is no indication on the record presented that the proceeding for which the discovery is sought has been concluded. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 925-26 (9th Cir. 2019).

3

It appears from the application that Apple is not a party to the civil action before the Argentine Court, and the documents sought by subpoena are located in the United States. Dkt. No. 2 at 7. The Court infers that the Argentine Court would not seek the assistance of the United States in obtaining these documents if the documents were within the reach of the Argentine Court's jurisdiction. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. This factor weighs in favor of authorizing service of the subpoena.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.

Here, the Argentine Court has requested its assistance in obtaining this discovery. *See* Dkt. No. 2 at 7. This factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether the request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.

Here, the Court assumes that the Argentine Court would not request this discovery if it were contrary to the proof-gathering restrictions or other policies of Argentina to do so. This factor weighs in favor of authorizing service of the subpoena.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

The proposed subpoena to Apple includes a single request for "[a]ny and all documents regarding an April 9, 2012 purchase of a 13 inch MacBook computer, Model No. A1369, Series

4

Number C02HSKJTDJWT by Ana Carolina Hosne." Dkt. No. 3. Ex. 3.  The request is for records of the purchase of a single, specific computer; it does not seek the contents of any communications.  *See id.*; Dkt. No. 3 ¶ 5.  The alleged purchase was made by Ms. Hosne, the complaining party in the civil action pending before the Argentine Court.  The United States represents that Apple has agreed to accept service of the subpoena.  Dkt. No. 3, Ex. 2.

The Court has no reason to expect that the subpoena seeks discovery that would be "unduly intrusive or burdensome" for Apple or for any other person who might have an interest in the records.  This factor weighs in favor of authorizing service of the subpoena, with appropriate notice to other interested parties.

## IV.   CONCLUSION

The United States' application on behalf of the Argentine Court meets the statutory criteria for an order authorizing service of the proposed subpoena.  In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the proposed subpoena.

Accordingly, the Court authorizes service of the proposed subpoena (Dkt. No. 3, Ex. 3) on Apple.  This order does not foreclose a motion to quash or to further modify the subpoena by Apple following service, or any other interested party.  The Court orders as follows:

1. The Court appoints AUSA Michael T. Pyle to serve the proposed subpoena on Apple and to receive documents produced in response to the subpoena.
2. At the time of service of the subpoena, the United States must also serve a copy of this order on Apple.  The return date on the subpoena must be at least 30 calendar days from the date of service.

**IT IS SO ORDERED.**

Dated:   February 18, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge